IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **WALTER R. REDMOND,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:14-cv-274-PMW<br><br>Magistrate Judge Paul M. Warner |

Before the court is Walter R. Redmond's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id.* §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

## BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. In May 2010, Plaintiff applied for DIB and SSI, alleging disability beginning on December 31, 2005.[1] Plaintiff's applications were denied initially and upon reconsideration.[2] On June 23, 2011,

---

[1] *See* docket no. 9, Administrative Record ("Tr. ____") 132-44.

[2] *See* Tr. 60-61, 65-66.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[3] and that hearing was held on September 6, 2012.[4]  On September 14, 2012, the ALJ issued a written decision denying Plaintiff's claim for DIB and SSI.[5]  On February 10, 2014, the Appeals Council denied Plaintiff's request for review,[6] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  See 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On April 23, 2014, Plaintiff filed his complaint in this case, which was assigned to District Judge Robert J. Shelby.[7]  On June 2, 2014, Judge Shelby referred the case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[8]  See 28 U.S.C. § 636(b)(1)(B).  The Commissioner filed her answer and the administrative record on July 3, 2014.[9]  On October 21, 2014, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[10]  Consequently, the case was reassigned to Magistrate Judge Warner

---

[3] See Tr. 93-94.

[4] See Tr. 24-35.

[5] See Tr. 7-23.

[6] See Tr. 1-5.

[7] See docket no. 2.

[8] See docket no. 7.

[9] See docket nos. 8-9.

[10] See docket nos. 16.

pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[11] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

Plaintiff filed his opening brief on September 30, 2014.[12] The Commissioner filed her answer brief on October 14, 2014.[13] Plaintiff filed his reply brief on October 27, 2014.[14]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

---

[11] *See id*.

[12] *See* docket no. 14.

[13] *See* docket no. 15.

[14] *See* docket no. 17.

A five-step evaluation process has been established for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).  If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity.  If [the claimant] is, disability benefits are denied.  If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits.  If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . .  If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits.  If not, the evaluation proceeds to the fourth step . . . ."  *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work."  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  "If the claimant is able to perform his previous work, he is not disabled."  *Williams*, 844 F.2d at 751.  If, however, the

claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of his claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred at step five of the sequential evaluation process. Specifically, Plaintiff contends that the ALJ erred (1) by applying the Medical-Vocational Guidelines ("Grids"), *see* 20 C.F.R. § 404, Subpart P, Appendix 2; and (2) in his analysis under Social Security Ruling ("SSR") 85-15.

### I. The Grids

As noted above, at step five of the sequential evaluation process, the burden shifts to the Commissioner to provide evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can perform. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The Commissioner can meet this burden of production

by reliance upon either the Grids or testimony of a vocational expert ("VE").  *See Heckler v. Campbell*, 461 U.S. 458, 461, 465, 470 (1983).  The Grids

> consist of a matrix of the four factors identified by Congress -- physical ability, age, education, and work experience -- and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy.  Where a claimant's qualifications correspond to the job requirements identified by a rule, the guidelines direct a conclusion as to whether work exists that the claimant could perform.  If such work exists, the claimant is not considered disabled.

*Id*. at 461-62 (footnotes omitted).  Proper use of the Grids obviates the need for VE testimony.  *See Gossett v. Bowen*, 862 F.2d 802, 806 (10th Cir. 1988).

Under section 203.15 of the Grids, a determination of not disabled would be required if Plaintiff was an individual limited to medium work, of advanced age, with a high school education or more, and a history of skilled or semiskilled work.  *See* 20 C.F.R. § 404, Subpart P, Appendix 2, § 203.15.  Plaintiff was an individual of advanced age, which is defined as age 55 and over, at the time of the ALJ's decision.  *See* 20 C.F.R. § 404, Subpart P, Appendix 2, § 201.00(d).  In addition, Plaintiff graduated from high school and had a history of skilled or semiskilled work.  Accordingly, section 203.15 of the Grids would direct a finding of not disabled if Plaintiff could perform the full range of medium work.

In this case, the ALJ recognized that Plaintiff did not have the RFC for the full range of medium work.  Instead, in addition to a limitation to medium work, Plaintiff was limited to simple, routine tasks in an environment involving no contact with the general public and no more than occasional and superficial contact with supervisors and coworkers.

Plaintiff first argues that the Grids should not have been applied in this case because the ALJ determined that Plaintiff had only mental impairments. Plaintiff is incorrect. While it is true that the ALJ found only mental impairments to be severe at step two, that does not mean that the ALJ did not consider Plaintiff's physical impairments in assessing Plaintiff's RFC. To the contrary, a review of the ALJ's decision reveals that he did indeed consider Plaintiff's all of Plaintiff's impairments, including physical impairments, in assessing Plaintiff's RFC. As noted by the Commissioner, contrary to Plaintiff's argument, the relevant regulations explicitly permit reliance upon the Grids even when a claimant alleges disability based upon mental impairments. If a claimant has both exertional and nonexertional limitations or restrictions, as in this case, the Commissioner may use the Grids as a framework rather than to direct a finding of disabled or not disabled. *See* 20 C.F.R. §§ 404.1569a(d), 416.969a(d); *see also Channel v. Heckler*, 747 F.2d 577, 582 n.6 (10th Cir. 1984) ("It should be noted that the mere presence of a non-exertional impairment does not automatically preclude reliance on the [G]rids. Use of the [G]rids is foreclosed only to the extent that non-exertional impairments further limit the range of jobs available to the claimant." (quotations and citation omitted)). Accordingly, the court concludes that the ALJ did not err by relying on the Grids as a framework for determining that Plaintiff was not disabled. *See Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987) ("When an individual suffers from both exertional and nonexertional impairments, the [Commissioner's] regulations mandate that the [G]rids be applied first, to determine whether the claimant is disabled by reason of the exertional impairments alone. If the claimant is not so disabled, the ALJ must then make a second individualized determination using the [G]rids only as a framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs

that would be contraindicated by the nonexertional limitations." (quotations and citations omitted)).

## II.  SSR 85-15

The court turns next to Plaintiff's argument concerning the ALJ's application of SSR 85-15.  As noted above, section 203.15 of the Grids would direct a finding of not disabled if Plaintiff could perform the full range of medium work.  SSR 83-14 provides:

> Where a person cannot be found disabled based on strength limitations alone, the rule(s) which corresponds to the person's vocational profile and maximum sustained exertional work capability . . . will be the starting point to evaluate what the person can still do functionally.  The rules will also be used to determine how the totality of limitations or restrictions reduces the occupational base of administratively noticed unskilled sedentary, light, or medium jobs.
>
> A particular additional exertional or nonexertional limitation may have very little effect on the range of work remaining that an individual can perform.  The person, therefore, comes very close to meeting a table rule which directs a conclusion of "Not disabled."  On the other hand, an additional exertional or nonexertional limitation may substantially reduce a range of work to the extent that an individual is very close to meeting a table rule which directs a conclusion of "Disabled."

SSR 83-14.

Pursuant to SSR 83-14, the ALJ began with the assumption that, if Plaintiff could perform the full range of medium work, he would be found not disabled under section 203.15 of the Grids.  However, the ALJ was then required to consider whether the additional mental limitations within Plaintiff's RFC would have a significant effect upon the occupational base of unskilled medium work that section 203.15 of the Grids contemplates will exist in the national economy.  *See id*.  The ALJ undertook that consideration and concluded that Plaintiff's

additional limitations had little or no effect on the occupational base of unskilled medium work. The ALJ reached this conclusion in reliance upon the guidance in SSR 85-15, which provides that the Grids "reflect the potential occupational base of unskilled jobs for individuals who have severe impairments which limit their exertional capacities:  approximately 2,500 medium, light, and sedentary occupations; 1,600 light and sedentary occupations; and 200 sedentary occupations — each occupation representing numerous jobs in the national economy."  SSR 85-15.  Regarding mental limitations, SSR 85-15 provides:

> The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting.  A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base.

*Id*.

Plaintiff argues that the ALJ erred by concluding that Plaintiff's additional limitations had little or no effect on the occupational base of unskilled medium work because he cannot perform the basic work activity identified in SSR 85-15.  In making that argument, Plaintiff merely points to selective portions of the record that support his argument.  In doing so, Plaintiff is attempting to reargue the weight of the evidence before the ALJ.  The court notes that such a tactic is futile on appeal.  *See Madrid*, 447 F.3d at 790.  From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *see also Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent

conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.  We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (quotations and citations omitted) (alteration in original)).  For that reason, Plaintiff's argument on this point fails.

Furthermore, the court sees no error in the ALJ's analysis and ultimate conclusion that Plaintiff's additional limitations had little or no effect on the occupational base of unskilled medium work.  The ALJ's limitation to simple, routine tasks would have no impact on the occupational base because such limitations are inherent in unskilled work under the Grids.  *See id*.  Further, because contact with the general public is not a basic mental demand of competitive, remunerative, unskilled work, the ALJ's restriction to no contact with the general public would also have no impact on the occupational base.  *See id*.  Finally, regarding the ALJ's finding that Plaintiff was limited to no more than occasional and superficial contact with supervisors and coworkers, SSR 85-15 provides that the unskilled jobs represented in the Grids "ordinarily involve dealing primarily with objects, rather than with data or people."  *Id*.  As such, that limitation would likewise not have a significant impact upon the occupational base so as to preclude reliance upon the Grids.

Moreover, as noted by the Commissioner, in a case substantially identical to the instant case, the Tenth Circuit affirmed an ALJ's reliance upon the Grids.  *See Mitchell v. Astrue*, 498 F. App'x 757, 759-60 (10th Cir. 2012).  In *Mitchell*, the ALJ limited the claimant to light work with the non-exertional limitations that she could "perform simple tasks with routine supervision; . . . relate to supervisors and peers on a superficial work basis; and [could not] relate to the general

public." *Id*. at 759 (quotations and citation omitted). The ALJ in Mitchell then relied upon the Grids to find the claimant not disabled. *See id*. at 759-60. The Tenth Circuit rejected the claimant's argument that VE testimony is required whenever severe mental impairments are present, and instead held that reliance upon the Grids was appropriate because the ALJ "supported his use of the [G]rids with a discussion of [the claimant]'s mental impairment, its effect on job performance under SSR 85-15, and [the claimant]'s continuing ability to perform a substantial majority of light unskilled work." *Id*. at 760 (citation omitted). In the instant case, as in *Mitchell*, the ALJ discussed Plaintiff's mental impairments, the effects of Plaintiff's impairments on job performance under SSR 85-15, and Plaintiff's continuing ability to perform a substantial majority of medium unskilled work.

Plaintiff also briefly argues that the ALJ should have relied upon an example given within SSR 85-15 to find him disabled. SSR 85-15 provides a series of examples of nonexertional impairments (including mental impairments) and their effects on the occupational base. *See* SSR 85-15. Example 2, which Plaintiff relies upon, provides that "[s]omeone who is of advanced age, has a limited education, has no relevant work experience, and has more than a non[-]severe mental impairment will generally be found disabled." *Id*. Plaintiff's argument fails for two reasons.

First, the example clearly does not mandate a finding that Plaintiff is disabled. To the contrary, the example states that an individual who matches its criteria will "*generally* be found disabled." *Id*. (emphasis added). Further, as noted by the Commissioner, there is no rule in the Grids that directs such a finding of disability.

Second, Plaintiff's vocational characteristics do not satisfy the requirements of the example. Plaintiff has had more than a limited education. Indeed, he completed one year of college. In general, a seventh grade through an eleventh grade level of formal education is considered to be a limited education. *See* 20 C.F.R. §§ 404.1564(b)(3), 416.964(b)(3). Plaintiff makes the unsupported, speculative argument that, "[g]iven his history of mental impairments and polysubstance abuse, [he] probably no longer functions at a high school level of education."[15] That argument is in direct contradiction to the relevant regulations, which provide that "if there is no other evidence to contradict it, we will use your numerical grade level to determine your educational abilities." 20 C.F.R. §§ 404.1564(b), 416.964(b). In addition, Plaintiff has had past relevant work. Although the ALJ determined at step four of the sequential evaluation process that Plaintiff could not perform his past work, that determination has no bearing on whether Plaintiff has had past relevant work. In this case, it is undisputed that Plaintiff has had past relevant work.

For the first time in his reply, Plaintiff presents other arguments concerning the ALJ's application of SSR 85-15. Plaintiff argues that the ALJ's conclusion that Plaintiff's additional limitations had little or no effect on the occupational base of unskilled medium work is insufficient because it is limited to one sentence. Plaintiff also appears to challenge the ALJ's treatment of certain medical opinions. Because Plaintiff raises those arguments for the first time in his reply brief, the court will not consider them. *See, e.g.*, *Madron v. Astrue*, 311 Fed. App'x 170, 174 n.4 (10th Cir. 2009) (noting that a party's failure to raise an issue in an opening brief

---

[15] Docket no. 14.

results in waiver of that issue); *see also Anderson v. United States Dep't of Labor*, 422 F.3d 1155, 1174 (10th Cir. 2005) ("The failure to raise an issue in an opening brief waives that issue.").

Based on the foregoing, the court concludes that the ALJ did not err in is application of SSR 85-15.

## **CONCLUSION AND ORDER**

In summary, the court concludes that all of Plaintiff's arguments fail. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 6th day of February, 2015.

                              BY THE COURT:

                              PAUL M. WARNER
                              United States Magistrate Judge